# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 11-60273
Summary Calendar

June 21, 2012

Lyle W. Cayce
Clerk

QUINTINA ALVAREZ HUERTA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 643 873

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Quintina Alvarez Huerta, a native and citizen of Mexico, petitions this court for review of a Board of Immigration Appeals (BIA) decision dismissing her appeal of an Immigration Judge's (IJ) decision denying her an adjustment of status and ordering her removed from the United States. In light of this court's decision of *Khalid v. Holder*, 655 F.3d 363 (5th Cir. 2011), we grant Huerta's petition for review and remand to the BIA for further proceedings consistent with this opinion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60273

On March 30, 2007, Huerta was issued a Notice to Appear (NTA) for removal proceedings. Huerta admitted the factual allegations in the NTA, conceded the charge of deportability, and requested voluntary departure. On August 5, 2008, the Immigration Judge (IJ) granted Huerta a voluntary departure. In December 2008, however, Huerta filed a motion to withdraw her request for voluntary departure and a motion to reopen, asserting that she was eligible to pursue an adjustment of status. After reviewing the matter, the IJ reopened Huerta's case.

Huerta argued that she was entitled to an adjustment of status based on the following facts. In 1986, Huerta's maternal grandfather filed a third-preference visa petition on behalf of Huerta's mother. On this petition, Huerta, who was 15 years old at the time, was listed as a derivative beneficiary. This petition had an October 22, 1986 priority date – "a date linked to the time of filing to reserve the petition's 'place in line.'" *Khalid*, 655 F.3d at 365. Unfortunately, this 1986 petition did not become current until on or about January 1, 1995, and, as a result, Huerta was no longer able to benefit as a derivative beneficiary because she was 24 years old and no longer a "child" under the immigration law. *See* 8 U.S.C. § 1101(b).

In 1996, Huerta's father, who was a lawful permanent resident, filed a second-preference visa petition on her behalf. *See* § 1153(a)(2)(B). Before this 1996 petition was approved, Huerta's father naturalized. This resulted in the automatic conversion of the second-preference petition to a first-preference petition with the same 1996 priority date. *See* 8 C.F.R. § 204.3. With a priority date of 1996, there was no visa immediately available for Huerta, and she was not entitled to an adjustment of status. Huerta argued, however, that, pursuant to the Child Status Protection Act of 2002 (CSPA), she could retain the priority date of the 1986 visa petition (the third-preference petition filed by her maternal grandfather on behalf of her mother on which Huerta was listed as a derivative beneficiary), and, as a result, a visa would be immediately available, and she

would be eligible for an adjustment of status. *See* 8 U.S.C. § 1153(h); 8 U.S.C. § 1255(a).

Relying on the BIA decision in *Matter of Wang*, 25 I&N Dec. 28 (BIA 2009), the IJ rejected Huerta's argument that she could retain the 1986 priority date, denied Huerta's application for adjustment of status, and ordered Huerta's removal. Huerta appealed to the Board of Immigration Appeals (BIA), but the BIA dismissed Huerta's appeal, stating, "To the extent the respondent argues on appeal that *Matter of Wang* . . . was wrongly decided, we decline to revisit our decision in *Matter of Wang*." Huerta timely petitioned this court to review the decision of the BIA.

On appeal, Huerta argues that the BIA erred by following *Matter of Wang*. She maintains that, under the CSPA, her first-preference visa petition retains the 1986 priority date, and, with a 1986 priority date, she is eligible for an adjustment of status as a visa is currently available.

While Huerta's petition for review was pending, we decided *Khalid*. In *Khalid*, we determined "that the plain language of the . . . (CSPA) is unambiguous and that the BIA's interpretation of the statute in *Matter of Wang* . . . contravenes the plain language of the CSPA. We decline to follow *Matter of Wang* in this circuit." *Khalid*, 655 F.3d at 365. We then concluded that "that, contrary to *Matter of Wang*, the benefits of . . . § 1153(h)(3) unambiguously apply to all petitions described in § 1153(h)(2)." *Id.* at 375.

Because *Khalid* had not been issued at the time that the BIA decided Huerta's appeal, remand is appropriate to allow the BIA to conduct further proceedings consistent with current circuit case law. *See INS v. Ventura*, 537 U.S. 12, 16-17 (2002). Accordingly, Huerta's petition for review is GRANTED, and this matter is REMANDED to the BIA for further proceedings consistent with this court's opinion *Khalid*.